Arcade Restaurant, Inc. v. Commissioner.
Arcade Restaurant, Inc. v. Commissioner
Docket No. 11676.
United States Tax Court
1948 Tax Ct. Memo LEXIS 117; 7 T.C.M. (CCH) 563; T.C.M. (RIA) 48152; August 13, 1948
*117 Petitioner, a corporation on the cash receipts and disbursements basis, ceased doing business and transferred all its assets to its three stockholders subject to all its liabilities and obligations which the stockholders assumed and agreed to pay. Held, the agreement by the stockholders to pay petitioner's obligations did not constitute payment by petitioner, entitling it to deductions in the amounts of its unpaid obligations. Clyde W. Chapman, Esq., Box 1922, Atlanta, Ga., for the petitioner. Bernard D. Hathcock, Esq., for the respondent. ARNOLD Memorandum Findings of Fact and Opinion ARNOLD, Judge: The Commissioner determined deficiencies in income tax, declared value excess profits tax and excess profits tax against petitioner for the calendar year 1943 in the respective amounts of $2,162.06, $1,326.88 and $3,426.24. The issue is whether the respondent erred in disallowing certain deductions claimed by petitioner amounting in the aggregate to $11,814.55 and deducted by it from gross income in its return for the taxable year. Findings of Fact The petitioner is a dissolved Georgia corporation represented by its trustees who have their principal office *118 at 110 Forsyth Street, N. W., Atlanta, Georgia. It filed its return in the Atlanta, Georgia district. In all years previous to and including the taxable year 1943 its corporate returns were made on the basis of cash receipts and disbursements. On the 31st day of December, 1943, at four o'clock P.M., the three stockholders of the corporation had a meeting, the minutes of which are as follows: "A special meeting of the stockholders of the Arcade Restaurant, Inc., was held at 4:00 o'clock P.M. on this December 31st, 1943, and there were present or represented Chris D. Matrangos, John M. Tuntas and Nick H. Matrangos, holders of the entire outstanding capital stock of this corporation (the stock held by Mrs. Anna N. Tuntas, Chrysanthy Tuntas Demetry and Danny Demetry having been acquired and now is owned by the treasury of this corporation.) "On motion made, seconded and unanimously passed, John M. Tuntas was elected Secretary. "Chris D. Matrangos, the President, announced that the meeting was called for the purpose of considering surrendering the charter of the corporation to the State of Georgia and turning the assets of the corporation over to the present stockholders, who could *119 and would assume the liabilities and obligations of the corporation. liabilities and obligations of the corporation. "After some discussion the following resolution was introduced an unanimously passed, to-wit: "'RESOLVED that the Arcade Restaurant, Inc. shall surrender its charter and franchise to the State of Georgia as of this date, Dec. 31st, 1943, and that it be dissolved; that the officers of the Arcade Restaurant, Inc. be and they are hereby authorized and directed to file the necessary petition in the Superior Court of Fulton County, in the State of Georgia, and od all other things necessary to carry into effect the surrender of the corporation's charter and franchise and the dissolution thereof.' "The question of conveying the assets of the corporation to the stockholders and the assuming of the liabilities of the corporation by the stockholders individually was discussed, whereupon the following resolution was introduced and unanimously passed, to-wit, "'Whereas the stockholders having unanimously passed a resolution authorizing the surrender of the charter of the Arcade Restaurant, Inc. to the State of Georgia, "'Be and it is hereby resolved that the officers of *120 said corporation are authorized and directed to convey all of the assets of said corporation, of every kind and description, to the present stockholders, Chris D. Matrangos, Nick H. Matrangos and John M. Tuntas, and that said assets shall be conveyed subject to all of the liabilities and obligations of said Arcade Restaurant, Inc., and the said three stockholders by accepting a bill of sale conveying to them the entire assets of said corporation shall assume and pay all the liabilities and obligations of said corporation; that said corporation continue to operate said business through this date and to cease doing and engaging in any business after this date; that the officers of this corporation shall continue to do and perform all acts that are necessary to wind up the affairs of this corporation.' "There being no further business to come before the meeting same was adjourned." These minutes were signed by John M. Tuntas as secretary and signed and approved by the three stockholders. The assets of the corporation were turned over to the stockholders and the next morning, January 1, 1944, they began to operate as a partnership. In explanation of the adjustments made, the Commissioner *121 in his notice of deficiency states: "(a) Inasmuch as your return is made on the basis of cash receipts and disbursements, the following unpaid expenses, accrued and claimed as deductions in your return, have been disallowed: "Rent
$7,940.53
"Loss on sublease
1,593.75
"Payroll
87.35
"Taxes
803.87
"Court costs on liquidation
39.05
"Attorney and accounting fees
1,350.00
"Total disallowed
$11,815.55"
It does not appear that the items for which deductions are claimed were ever paid. Petitioner never obtained the consent of the Commissioner to change from the cash to an accrual basis in reporting its income. Opinion Petitioner contends that the transfer and delivery by Arcade Restaurant, Inc., while in liquidation of all its assets to its three stockholders in consideration of their assuming and agreeing to pay all its liabilities and obligations, constitutes constructive payment by it in the equivalent of cash and entitles petitioner to the deductions in question notwithstanding it is committed to report its income on the basis of cash receipts and disbursements. Respondent concedes that if the petitioner had established a right to file its return *122 for the taxable year on the accrual basis, and if the return had actually been filed on that basis there would be no question about the deductibility of the full amount involved. We are therefore concerned only with the right to the deduction claimed, the taxpayer being on a cash receipts and disbursements basis and not having obtained the Commissioner's consent to change to an accrual basis. Petitioner argues that being in complete liquidation and having contracted to sell its assets for a consideration sufficient to liquidate its debts, and the delivery of the assets pursuant to the agreement, it is entitled, for income tax purposes, to treat the debts as paid by it; that the stockholders are by law required upon liquidation to compute liquidating gains and losses and having assumed the liabilities, as distinguished from accepting the assets subject to the liabilities, the stockholders are primarily liable for the indebtedness assumed and the transaction must be treated as cash received from the stockholders and cash paid out by petitioner in payment of the obligations. Petitioner cites no authority in support of its contention. It is well established that an agreement on the *123 part of a third person to pay the debt of another does not extinguish the liability on the part of the primary obligor unless the obligee consents. The resolution adopted at the December 31, 1943 meeting of the stockholders provides: "Such assets shall be conveyed subject to all of the liabilities and obligations of said Arcade Restaurant, Inc., and the said three stockholders by accepting a bill of sale conveying to them the entire assets of said corporation shall assume and pay all the liabilities and obligations of said corporation." It does not appear that the creditors of petitioner ever consented to release and discharge petitioner from its obligation to pay them. Petitioner remained the primary obligor. They could still proceed against petitioner for recovery of their claims. There was no novation, hence it cannot be said petitioner, on the cash receipts and disbursements basis, is entitled to the deductions claimed. It did not pay the obligations for which the deductions were claimed in the taxable year. Cf. , , . *124 Decision will be entered for the respondent.